## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LORETTA TOLBERT,

       Plaintiff,

vs.                                                 No. CIV 05-178 MV/RHS

UNITED STATES OF AMERICA,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Administrative Claim Pursuant to 28 U.S.C. § 2675(b), filed on December 30, 2005, **[Doc. No. 29]**.  The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

On March 18, 2002, an SUV driven by Plaintiff was struck in the rear by a postal truck. Neither Plaintiff nor the driver of the postal truck, who was issued a traffic citation for the accident, complained of any injuries at the scene.  Shortly thereafter, however, Plaintiff began experiencing chest, neck and shoulder pain.  An MRI ("2002 MRI") revealed that Plaintiff had mild degenerative disc disease at C4-5 with mild disc herniation at C5-6.  While Plaintiff's degenerative disc disease pre-existed the accident, the accident made the previously undiagnosed and asymptomatic condition symptomatic.  Plaintiff was treated conservatively with therapy with the expectation that many of her symptoms would resolve.

On March 15, 2004, Plaintiff filed an administrative claim in the amount of $70,000 for her personal injury.  In her claim, she described her injuries as "[m]ild disc herniation C5-6.

Myofascial neck and upper right quadrant pain, numbness in right shoulder, arm and hand and right heel numbness." At the time Plaintiff filed her claim, some of her symptoms had resolved but others, including the pain in her neck and shoulders, persisted. Plaintiff's administrative claim was denied by the Postal Service on October 21, 2004, and she filed her claim in this court on February 17, 2005.

On January 6, 2005, Plaintiff's doctor requested another MRI ("2005 MRI") because many of Plaintiff's symptoms had not improved as expected. The 2005 MRI was reviewed by Dr. Legant, an orthopaedic surgeon selected by the parties to perform an independent medical examination, and Dr. Grace, an orthopaedic surgeon retained by Plaintiff. Both doctors agreed that Plaintiff's degenerative disease progressed from the 2002 MRI. Dr. Grace opined that the automobile accident had not only made Plaintiff's condition symptomatic but had also accelerated the progression of the condition. Based on this information, Plaintiff now seeks to increase her administrative claim from $70,000.00 to $125,000.00.

## ANALYSIS

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, is the exclusive method for suing an administrative agency in tort for monetary damages. 28 U.S.C. § 2679. The FTCA requires a claimant to first present her claim to the appropriate agency. *See* 28 U.S.C. § 2675(a) (an "action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"). In order to fulfill this requirement, the claimant must: (1) give written notice of the

claim sufficient to enable the agency to investigate the claim; and (2) place a value on the claim. *See* 28 C.F.R. § 14.2(a) ("a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain"); *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) ("In order for a person to file a tort claim under the FTCA, it is required that he 1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or 'sum certain') on the claim."). If the agency denies the claim or fails to dispose of it within six months, the claimant may file a civil action in federal court. 28 U.S.C. § 2675(a).

A civil action against the United States under the FTCA is limited to the amount of damages originally requested by the plaintiff in the administrative claim unless the plaintiff is able to show that newly discovered evidence or intervening facts have come to light that were not available at the time the administrative complaint was filed. 28 U.S.C. § 2675(b).[1] The burden of proving newly discovered evidence or intervening facts rests with the FTCA claimant. *See Kielwien v. United States*, 540 F.2d 676, 680 (4th Cir. 1976) (burden of establishing "newly discovered evidence" or "intervening fact" rests on the claimant-plaintiff); *Allgeier v. United States*, 909 F.2d 869, 877 (6th Cir. 1990) (same). In determining whether a plaintiff satisfies one of the two exceptions to the FTCA, the court applies an objective standard. *See Michels v.*

---

[1] Section 2675 provides that:

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

*United States*, 31 F.3d 686, 689 (8th Cir. 1994) (§ 2675(b) contains an objective, not subjective, standard).

The Tenth Circuit has not addressed the question of what constitutes "newly discovered evidence" or "intervening facts" under § 2675.[2]   The Circuits that have construed § 2675(b) focus upon the foreseeability of the injury.[3]  "[W]hether the plaintiff is seeking an increase under the rubric of 'newly discovered evidence' or 'intervening facts,' one of the key issues is foreseeability.  If the condition was reasonably foreseeable at the time the claim was filed, an increase will not be allowed.  On the other hand, if it was not . . .[then] an increase may be allowed." *Lowry v. United States*, 958 F.Supp. 704, 711 (D. Mass. 1997).

Plaintiff asserts that the accelerated progression of her degenerative disease revealed in the 2005 MRI constitutes "new evidence not otherwise discoverable at the time of the claim." The government, on the other hand, argues that the 2005 MRI revealed nothing more than the natural progression of Plaintiff's previously diagnosed degenerative condition, which is neither newly discovered evidence nor intervening facts.

Numerous courts have recognized that a known injury can worsen in ways not reasonably

---

[2]  The case the government cites as a Tenth Circuit case, *Benjamin v. United States*, 85 F.Supp.2d 1034 (D. Colo. 2000), is actually a district court case from Colorado.

[3] *See, e.g., Allgeier v. United States*, 909 F.2d 869, 878 (6th Cir. 1990) ("intervening fact" must be unexpected or unforeseen); *Reilly v. U.S.*, 863 F.2d 149, 171 (1st Cir. 1988) (§ 2675 "demands a showing that some new and previously unforeseen information came to light between the time of filing the administrative claim and the trial on damages"); *Low v. United States*, 795 F.2d 466, 470 (5th Cir. 1986) ("newly discovered evidence or intervening facts must not have been reasonably capable of detection at the time the administrative claim was filed"); *Fraysier v. United States*, 766 F.2d 478, 480-81 (11th Cir. 1985) (a reasonably based change in expectation as to the severity and permanence of an injury is newly discovered evidence within the meaning of section 2675(b)).

4

discoverable by the claimant and her treating physician and have held that such "newly discovered evidence" or "intervening facts," can warrant § 2675(b) relief. *See, e.g., Zurba v. U.S.*, 318 F.3d 736, 739 (7th Cir. 2003) (an unforeseen worsening of a known injury may constitute "newly discovered evidence" or "intervening facts" under § 2675(b)); *Michels*, 31 F.3d at 688 ("a known injury can worsen in ways not reasonably discoverable by the claimant or his or her treating physician, and . . . such 'newly discovered evidence' or 'intervening facts,' if convincingly proved, can warrant § 2675(b) relief."); *Spivey v. United States*, 912 F.2d 80, 85-86 (4th Cir. 1990) (if no symptoms exist when administrative claim is filed, known possible side effect of drug that later develops can constitute newly discovered evidence); *Allgeier*, 909 F.2d at 879 (need for more knee surgery and additional treatment "not reasonably foreseeable" when the administrative claim was filed); *Cole v. United States*, 861 F.2d 1261, 1262 (11th Cir. 1988) (plaintiff permitted to recover damages in excess of his FTCA tort claim notice where he did not learn until after his tort claim notice was filed that he suffered from a permanent condition that would prevent him from returning to work).

At the time Plaintiff filed her administrative claim, she had been diagnosed with a pre-existing degenerative disease that the motor vehicle accident had made symptomatic. There is no evidence, however, that Plaintiff's physicians anticipated that the motor vehicle accident would accelerate the progression of her condition. *See, e.g., Frazier*, 766 F.2d at 481 (in determining whether the exceptions in § 2675(b) are available, claimants will not be held to a standard that charges them with "knowing what the doctors could not tell [them]"). The acceleration of Plaintiff's degenerative disc disease, whether considered a new injury or the unanticipated worsening of a known injury, was not reasonably discoverable at the time of the filing of her

administrative claim and Plaintiff will be permitted to amend her administrative claim pursuant to

§ 2675(b).

<u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Administrative Claim

Pursuant to 28 U.S.C. § 2675(b), filed on December 30, 2005, **[Doc. No. 29]**, is hereby

**GRANTED.**

Dated this 7th day of June, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorneys for Plaintiff</u>:
    Mark C. Dow, Esq.
    Lalita Devarakonda, Esq.

<u>Attorney for Defendant</u>:
    Virgil H. Lewis II, Esq.